UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

APRIL INGRAM-FLEMING,

     Plaintiff,

v.                                CASE NO. 8:14-cv-2569-T-23MAP

LOWE'S HOME CENTER, LLC,

     Defendant.

_____/

## ORDER

The defendant, Lowe's Home Centers, LLC, is a home-improvement retailer. The plaintiff is a former employee whom the defendant terminated, allegedly because of information acquired through a background check. Alleging three violations of the Fair Credit Reporting Act, the plaintiff sues (Doc. 16) on behalf of herself and "all similarly situated individuals." Relying on the "first-to-file rule" and on 28 U.S.C. § 1404(a), the defendant moves (Doc. 25) to transfer this action to the Western District of North Carolina.

Leading authorities in federal procedure suggest that the "first-to-file rule" is properly considered under Section 1404(a). *See Moore's Federal Practice*, Vol. 17, § 111.13[1][o] (3d ed. 2014); Wright & Miller, *Federal Practice and Procedure*, Vol. 15, § 3854 (4th ed. 2014). However, the Eleventh Circuit suggests that the two bases for transfer differ and require distinct analysis. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). Further, the parties briefed the two issues separately. Thus, the two are considered separately.

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel*, 430 F.3d at 1135. The defendant argues for this action's transfer to the Western District of North Carolina, where *Brown v. Lowe's Companies, Inc.*, No. 5:13-cv-79-RLV, pends. The parties agree that the plaintiff filed this action after *Brown*'s filing. Thus, the dispute concerns only whether this action and *Brown* involve "overlapping issues and parties."

*Brown* alleges two pertinent counts, and the complaint in this action alleges three counts. Under 15 U.S.C. § 1681b(b)(3)(A), the complaint in *Brown* alleges that the defendant "fail[ed] to provide [the putative class members] with a copy of [the background] report upon which it based its decision to take [an] adverse action prior to taking such action." (Doc. 38-1 ¶ 104) The complaint in this action alleges the same claim. (Doc. 16 ¶ 59) Also, under 15 U.S.C. § 1681b(b)(2)(A), the complaint in *Brown* alleges that the defendant acted unlawfully by procuring a background check for each putative class member without the member's signature on a stand-alone, "clear and conspicuous" disclosure. (Doc. 38-1 ¶ 98–102) In two claims (rather than one), the complaint in this action alleges the same violations. (Doc. 16 ¶ 63–73) Thus, the issues in this action and *Brown* largely overlap.

The defendant argues that the putative class in *Brown* encompasses the putative class in this action. The plaintiff responds that neither this action nor *Brown* has a

certified class, but the plaintiff fails (except in one broad, conclusory sentence) to

dispute that the putative class in *Brown* encompasses the putative class in this action.

Review of the complaints shows that the putative classes in *Brown* overlap with,

probably fully encompass, the putative classes in this action.

> *Brown*'s Section 1681b(b)(2) claim defines the putative class as:

>> All natural persons residing in the United States (including all
>> territories and other political subdivisions of the United States) (a) who
>> submitted an employment application or other request for placement
>> to Lowe's, and (b) who were the subject of a consumer report procured
>> by Lowe's for employment purposes during the FCRA statute of
>> limitations period, 15 U.S.C. § 1681p.

(Doc. 38-1 ¶ 82)  This action's Section 1681b(b)(2) claim defines a nearly identical

putative class:

>> All Lowe's employees and job applicants in the United States who
>> were the subject of a consumer report that was procured by Lowe's
>> within five years of the filing of this complaint through the date of final
>> judgment in this action as required by the FCRA.

(Doc. 16 ¶ 13)  *Brown*'s Section 1681b(b)(3) claim defines the putative class as:

>> All natural persons residing in the United States (including all
>> territories and other political subdivisions of the United States) (a) who
>> submitted an employment application or other request for placement
>> to Lowe's, (b) who were the subject of a consumer report which was
>> used by Lowe's or its agent to make an employment decision regarding
>> such person during the FCRA statute of limitations period, 15 U.S.C.
>> § 1681p, (c) for whom that decision was either a rejection or a delay of
>> the employment, and (d) who were not provided a copy of that
>> consumer report and/or the mandatory disclosures required in
>> 15 U.S.C. § 1681b(b) before that employment decision.

(Doc. 38-1 ¶ 84)  This action's Section 1681b(b)(3) claims define a narrower,

encompassed putative class:

> All Lowe's employees and job applicants in the United States against whom adverse employment action was taken based on information contained in a consumer report obtained by "*First Advantage Background Services Corp.*" within five years of the filing of this complaint through the date of final judgment in this action who were not provided the proper pre-adverse notice as required by the FCRA.

(Doc. 16 ¶ 12)  In sum, the putative classes in this action are either identical to, or encompassed by, the putative classes in *Brown*.

The defendant, an LLC, comprises only one member, Lowe's Companies, Inc., which is a defendant in *Brown*.  Accordingly, the defendants are nearly identical.

## CONCLUSION

This action presents issues and parties that are either identical to or largely overlapping with the issues and parties in *Brown*.  Further, "[u]nder the first-to-file rule, a district court may choose to stay, transfer, or dismiss a duplicative later-filed action . . . ."  *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) (Lourie, J.).  Thus, this action is **TRANSFERRED** to the Western District of North Carolina.[*]

ORDERED in Tampa, Florida, on February 3, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] Even if the "first-to-file rule" fails to justify transfer, this order transfers this action under Section 1404 for the reasons explained in the defendant's brief. (Doc. 14–18)

- 4 -